## CLARENCE SILVA
*vs.*
## ANTHONY AUGLIERA

Superior Court          New Haven County          File No. 62867

MEMORANDUM FILED APRIL 3, 1943.

*A. C. Fasano*, of New Haven, for the Plaintiff.

*David M. Reilly*, of New Haven, for the Defendant.

WYNNE, J.   Counsel makes the claim that the plaintiff was a business invitee at the time of his injury.   In view of the distinction made between invitee and trespasser in our law, he could do no less.   On the claim that he was a business invitee, the plaintiff has failed in his burden.

His story may be true but it does not carry conviction. Laying out of consideration the strong temptation to give the version he did, there are facts that certainly create more than a little doubt. In the first place it is altogether probable that a parking ticket would have been given to plaintiff's companion if he had parked, as the plaintiff claims, at the place and time in question. That was the business practice of an old and apparently well established parking lot which offered, as the ticket in evidence shows, certain insurance features to its patrons. Conceding, however, that this might not have been done on this occasion, there is another strange circumstance that strains at credulity. If plaintiff had an appointment to meet his companion at the parking lot at one-thirty in the morning, it is reasonable to expect that such an appointment for such an unseemly hour would have been kept. And if the luckless plaintiff found that the car had gone, it seems to the court that the most natural thing in the world for him to have done would be for him to step back to George Street and look up and down to see whether the car had been driven out and was waiting there. It would be the most unnatural thing in the world for a man under the claimed circumstances to have blithely continued on his way a-foot in an opposite direction. So the story is improbable and the court feels that it is not established by the weight of evidence.

It is quite true as pointed out by plaintiff's counsel that the complaint sets forth name and detail of the story told in court. This however does not shift the burden of proof nor excuse the plaintiff from offering corroborating bits of testimony such as the identity of the uncle, his ownership of a registered automobile, etc. So far as it appears to the court the defendant was not under any obligation to have proof available to the contrary or suffer some adverse inference. A plaintiff must carry his own burdens. There is one thing worse in the court's opinion than for a suitor to lose a case that he should have won, and that is for him to collect damages from someone who is not legally liable.

Passing then to a consideration of the situation presented if the plaintiff is to be regarded as a technical trespasser. Certainly it could not be urged that his presence on the premises was known or should have been known to the defendant. Nor could it be urged that the offending log, which apparently had lain near the boundary line for many years as a barrier, was of such inherent danger as to be tantamount to

an act of active negligence on defendant's part. Clearly there was no obligation to have premises such as those in question, used as they were, lighted all night. By one-thirty in the morning it was reasonable to have "lights out." Under such circumstances then, what should be the conduct of a person proceeding across a lot with which he was not familiar and in darkness? Certainly not to assume that it was safe. No prudent person would. The plaintiff took his own chances and must be held not to have been in the exercise of reasonable care.

Judgment is entered for the defendant.